**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40992

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORIO GARZA-NEVAREZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(B-95-CR-75-1)
September 17, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant Gregorio Garza-Nevarez ("Garza") appeals from the district court's refusal to order his federal sentence to run concurrently with his state sentences. Finding no reversible error, we affirm.

Garza was indicted and pleaded guilty to entering the country after deportation, in violation of 8 U.S.C. § 1326. Prior to this,

[*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Garza had pleaded guilty to state charges of possession and delivery of marijuana, for which he received concurrent ten-year probated sentences. Approximately three years later, Garza was arrested for possession and delivery of cocaine, and released by the state court on bond. Garza was subsequently deported for having a state felony record, and was later arrested in the United States for failure to appear in the cocaine cases. He pleaded guilty to two counts of delivery of a controlled substance in the cocaine cases and was sentenced to serve twelve years for each count. Garza's probation in the marijuana cases was revoked, and he was sentenced to ten years on each count.

As to Garza's sentence in this case, the Presentence Report ("PSR") recommended that he be sentenced to 77 months in prison, and, in light of U.S.S.G. § 5G1.3(c), that the sentence run concurrently to any undischarged state term. The Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1, which the district court granted. Accordingly, the district court sentenced Garza to 47 months in prison. Counsel for Garza then asked the district court whether it would consider following the recommendation of the PSR that the sentence run concurrently with Garza's state sentences. The district court refused to do so.[2]

_____

[2] The discussion at sentencing was as follows:

[COUNSEL]: Your Honor, the recommendation, I believe, by Probation is that this run concurrent with the State time. Would the Court consider making that recommendation.

THE COURT: It is not really up to the Court. It is really up to the State

Garza argues that the district court erred when it failed to consider U.S.S.G. § 5G1.3 and 18 U.S.C. § 3553(a) before ordering that his sentence run consecutively to the undischarged terms of his state sentences. We have previously held that, where § 5G1.3(c) was found to be applicable, it was reversible error for the district court not to consider the provision, its methodology, and explain why it was not employed. *United States v. Hernandez*, 64 F.3d 179, 183-84 (5th Cir. 1995). By failing to properly object at sentencing, however, Garza has waived his right to full appellate review. "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995) (internal quotation marks omitted), *cert. denied*, __ U.S. __, 116 S. Ct. 963, 133 L. Ed. 2d 884 (1996). Although Garza's counsel asked the district court whether it would consider following the PSR's recommendation that the sentences run concurrently, counsel did not offer any particular legal basis for doing so, and did not cite the relevant Sentencing Guidelines provision. Moreover, when from the district court's response it appeared, as Garza argues on appeal, that the court believed it was without power to order the sentences

---

Court as you well know.

I think you are better off not even asking me to do anything. Leave it up to the State Court, because I would not be inclined to do that. For very obvious reasons.

[COUNSEL]: Yes, sir.

-3-

to run concurrently, Garza's counsel did not attempt to inform the court otherwise or to lodge any objection.  Accordingly, we find that Garza has failed to preserve the claimed error, and we thus review only for plain error.  *See id.* at 1433-34 (reviewing for plain error where defendant only made a general objection).

Under plain error review, we will remedy the error only in the most exceptional cases.  *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc), *cert. denied*, __ U.S. __, 115 S. Ct. 1266, 131 L. Ed. 2d 145 (1995).  The appellant has the burden to show that there is an error, that it is "clear" or "obvious," and that it affects his substantial rights.  *United States v. Olano*, 507 U.S. 725, __, 113 S. Ct. at 1777-79, 123 L. Ed. 2d 508 (1993).  Even where the appellant carries his burden, the Supreme Court has directed that we exercise our discretion to correct such a forfeited error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 735-36, 113 S. Ct. at 1779 (internal quotation marks omitted).

Even if we assume that the district court erred by not considering § 5G1.3(c) and explaining why it was not employed, we find that Garza has failed to show that this error amounted to "plain error."  The 1995 version of § 5G1.3(c) provides that in any case not covered under subsections (a) or (b), "the sentence for the instant offense may be imposed to run concurrently, partially

-4-

concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).[3] As we noted in *United States v. Torrez*, 40 F.3d 84 (5th Cir. 1994), this provision and the methodology suggested in application note 3 are permissive only. 40 F.3d at 87. In other words, even if the district court considers the provision and its application note, it is free to decline to apply them. *Id.* We note that the district court in this case expressed its disinclination to have the sentences run concurrently. Accordingly, as in *Torrez*, we find that the Defendant has not made the requisite showing of prejudice. *See id.* at 88. We therefore do not need to address whether the alleged error in this case is of the type that seriously affects the "fairness, integrity or public reputation of judicial proceedings."

For the foregoing reasons, we AFFIRM.

---

[3] In addition, 18 U.S.C. § 3584 directs the district court, when considering whether to impose concurrent or consecutive terms, to consider the factors set forth in § 3553(a). In turn, 18 U.S.C. 3553(a) lists, as one of the factors to be considered, any pertinent policy statements issued by the Sentencing Commission. We have read this directive to include the policy statement found at U.S.S.G. § 5G1.3(c). *Hernandez*, 64 F.3d at 182-83.